## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | Chapter 11 |
| CHESAPEAKE ENERGY CORPORATION, et al., [1] | Case No. 20-33233 (DRJ) |
| *Debtors*. | (Jointly Administered) |

| | |
|---|---|
| CTF, LTD.; RONALD E. and JUDY L. CARLTON; RICHARD A. and CATHERINE A. CARLTON; BRUCE D. and CATHERINE B. CARLTON; and LAWRENCE J. FECHKO, | |
| *Plaintiffs*, | Case No._____ |
| v. | |
| CHESAPEAKE EXPLORATION, L.L.C.; CHESAPEAKE OPERATING, L.L.C.; ENCINO ENERGY, L.L.C.; ENCINO ACQUISITION PARTNERS, L.L.C.; and ENCINO OPERATING, L.L.C., | |
| *Defendants*. | |

## <u>NOTICE OF REMOVAL</u>

Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C. (collectively,

the "<u>Reorganized Debtors</u>" or "<u>Chesapeake Defendants</u>") file this Notice of Removal from

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/chesapeake. The location of Debtor Chesapeake Energy Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 6100 North Western Avenue, Oklahoma City, Oklahoma 73118.

the District Court of Beaver County, State of Oklahoma to the United States Bankruptcy Court for the Western District of Oklahoma (the "<u>Court</u>") pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, and rule 81.3 of the Local Court Rules of the United State District Court for the Western District of Oklahoma (the "<u>Local Rules</u>").[2] Under the Local Rules, this pleading is filed with the bankruptcy clerk.

## I.    BACKGROUND

1.    Plaintiffs filed the underlying lawsuit in the District Court of Beaver County, State of Oklahoma on or about December 19, 2018, alleging breach of their oil and gas leases.  The Beaver County, State of Oklahoma lawsuit is styled *CTF, Ltd., Judy L. Carlton, Richard A. and Catherine A. Carlton, Bruce D. and Catherine B. Carlton, and Lawrence J. Fechko v. Chesapeake Exploration, et al.*, Case No. CJ-2018-00026 (the "<u>State Court Action</u>").

2.    On June 28, 2020 (the "<u>Petition Date</u>"), the Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>").  The Chesapeake Defendants are jointly administrated debtors under Case No. 20-33233 pending in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Chesapeake Bankruptcy</u>").

---

[2]    The Chesapeake Defendants believe this matter should be transferred pursuant to 28 U.S.C. § 1412 to the United States District Court for the Southern District of Texas, Houston Division, where the above-referenced bankruptcy is pending.  Following removal the Chesapeake Defendants will confer with Plaintiffs on such transfer, and thereafter file a motion to transfer with the Court.

3.     On June 29, 2020, Chesapeake filed a Suggestion of Bankruptcy in the State Court Action.

4.     The Plaintiffs filed proofs of claim in the Chesapeake Bankruptcy [Claim Nos. 12502, 12666, 12737, 12739, 12740, 12743, and 12477] (the "Proofs of Claim").

## II.    THE BANKRUPTCY COURT'S JURISDICTION AND BASIS FOR REMOVAL

5.     Section 1452 allows defendants to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 grants this Court original jurisdiction over all civil proceedings "related to cases under title 11." 28 U.S.C. § 1334(b).

6.     The State Court Action, as removed (the "Removed Action") seeks remedies against property of the Chesapeake Defendants' estates, which is within the exclusive jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. 1334(e)(1). Furthermore, the claims adjudication process for the Proofs of Claim arises under the Bankruptcy Code, which governs allowance of claims and grants jurisdiction to limit claims. *See* 28 U.S.C. § 157(b)(2). This action is also a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests, administration, and property of the Chesapeake Defendants' estates

under 11 U.S.C. § 541. Under the Local Rules, matters arising under the Bankruptcy Code are referred to the bankruptcy court.

7.    Removal is permitted under 28 U.S.C. § 1452(a) because this Court has jurisdiction over the claims asserted in the Removed Action pursuant to 28 U.S.C. § 1334(b) and the Local Rules.

8.    Removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2) and the Bankruptcy Court's *Order (I) Further Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [ECF Docket No. 2984], which extended the period within which the Debtors may seek removal of actions such as the State Court Action to February 28, 2021.

9.    Venue is proper in the Western District of Oklahoma under 28 U.S.C. § 1452(a) because the Oklahoma state court where the State Court Action is pending is located in this district.

10.    A Notification of Removal to the United States Bankruptcy Court for the Western District of Oklahoma has been filed or will be filed as soon as possible with the United States Bankruptcy Court for the Southern District of Texas and the Clerk of Court for Beaver County, State of Oklahoma.

## III.    COMPLIANCE WITH RULE 9027

11.    Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to the entry of final orders or judgment by the bankruptcy court."

    (i)     Defendants Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C. respectfully state that they consent to the entry of final orders or judgments by the Bankruptcy Court.

    12.    28 U.S.C. § 1446(a) further requires that this Notice of Removal include "a copy of all process, pleadings, orders served upon such defendant or defendants."  Local Rule 81.2 also requires "a copy of the state court docket sheet."  Attached hereto as Exhibit A are copies of all such papers.

/s/Ross Plourde                                    .
Ross Plourde, OBA #7193
Timothy J. Bomhoff (OBA #13172)
Patrick L. Stein (OBA #30717)
MCAFEE & TAFT A Professional Corporation
Eight Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73105
Tel: (405) 552-2339
Fax: (405) 228-7339
Ross.plourde@mcafeetaft.com

David K. Petty (OBA #7095)
DAVID K. PETTY, PLLC
P.O. Box 1187
310 Northwest Fifth Street
Guymon, OK 73942
Telephone: (530) 338-5484
Facsimile: (580) 338-0066
Email: petty1@pettylawoffice.com

Daniel T. Donovan
Ragan Naresh
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C., 20004
Tel. (202) 389-5200
Daniel.donovan@kirkland.com
ragan.naresh@kirkland.com

*Attorneys for Defendants Chesapeake Exploration, L.L.C. and Chesapeake Operating, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Oklahoma.

*/s/ Ross Plourde*
Ross Plourde